UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| XIEM STUDIO, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:14-CV-1366-CEJ ) |
| KEVIN X. NGUYEN and XIEM TOOLS, LLC, | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for default judgment, pursuant to Fed. R. Civ. P. 55(b)(2).

### I. Procedural History

Plaintiff Xiem Studio, LLC filed the instant case on August 6, 2014. Service was achieved on defendants Kevin X. Nguyen and Xiem Tools, LLC (XT) on August 15, 2014. Under Rule 12(a)(1)(A)(i), Fed. R. Civ. P., defendants were each required to file an answer or other responsive pleading within twenty-one days of being served with the complaint. Because both defendants failed to do so, the Clerk of Court entered default against them on October 28, 2014. Plaintiff filed a motion for default judgment on May 11, 2015. Despite having been given ample opportunity to do so, neither defendant has responded to this litigation.

### II. Legal Standard

Pursuant to Fed. R. Civ. P. 55, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ."

Granting default judgment is within a district court's discretion. *See Weitz Co. LLC v. MacKenzie House, LLC*, 665 F.3d 970, 977 (8th Cir. 2012).

When a party defaults, "the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A Charles Alan Wright et al., <u>Federal Practice and Procedure: Civil</u> § 2688, at 63 (3d ed. 1998)). "The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). However, where "'the findings and judgment regarding damages in the instant case are capable of being computed on the basis of facts of record' . . . the district court need not hold an evidentiary hearing on the issue of damages." *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir. 1988) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)).

### III. Discussion

Plaintiff's eight-count complaint alleges the following: (1) Trademark infringement in violation of 15 U.S.C. § 1125(a). (2) Infringement of a registered trademark in violation of 15 U.S.C. § 1114. (3) Unfair competition in violation of 15 U.S.C. § 1125(a). (4) Unfair competition under Missouri common law. (5) Conversion of plaintiff's funds, assets, and inventory. (6) Replevin of plaintiff's inventory. (7) Breach of Nguyen's fiduciary duties. (8) Misappropriation of

2

unspecified trade secrets. The first six claims are asserted against both defendants, while the last two are raised against Nguyen alone.

Taken as true, the facts alleged in the complaint support liability against defendants on all but the theft of trade secrets claim, which is not alleged with sufficient specificity for the Court to fashion recovery. Accordingly, plaintiff can recover for trademark infringement of a registered trademark, which embraces the same remedies as infringement of an unregistered trademark, and the federal and state law unfair competition claims. *See KP Permanent Make–Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 117 (2004); *Sensient Technologies Corp. v. SensoryEffects Flavor Co.*, 613 F.3d 754, 760 (8th Cir. 2010); *ConAgra, Inc. v. George A. Hormel, & Co.*, 990 F.2d 368, 371 (8th Cir. 1993); *Gen. Mills, Inc. v. Kellogg Co.*, 824 F.2d 622, 626 (8th Cir. 1987); *Kuper Indus., LLC v. Reid*, No. 8:15-CV-42-JMGJ, 2015 WL 412518, at *3 (D. Neb. Jan. 30, 2015); *Sensient Technologies Corp. v. SensoryEffects Flavor Co.*, 636 F. Supp. 2d 891, 898 (E.D. Mo. 2009) *aff'd*, 613 F.3d 754 (citing Mo. Rev. Stat. § 417.056).

Plaintiff can also recover the funds and assets Nguyen converted. *See Mackey v. Goslee*, 244 S.W.3d 261, 264 (Mo. Ct. App. 2008); *Gadberry v. Bird*, 191 S.W.3d 673, 675–76 (Mo. Ct. App. 2006). However, because plaintiff has succeeded on its trademark infringement claim—for which the value of the inventory is the measure of damages in this case—plaintiff cannot also recover that value in conversion or the inventory itself by replevin. *See Grogan v. Garner*, 806 F.2d 829, 839 (8th Cir. 1986). Finally, plaintiff has established that it is entitled to equitable remedies for Nguyen's breach of fiduciary duties. *W. Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7, 15 (Mo. 2012) (en banc); *Robinson v. Lagenbach*, 439

S.W.3d 853, 860 (Mo. Ct. App. 2014); *Waters v. G & B Feeds, Inc.*, 306 S.W.3d 138, 146–47 (Mo. Ct. App. 2010); *Moore v. Moore*, 189 S.W.3d 627, 633 (Mo. Ct. App. 2006).

### a. Remedies

Plaintiff seeks a permanent injunction preventing defendants and their associates from infringing on plaintiff's registered trademark, United States Trademark Registration No. 3,541,844, which covers, *inter alia*, branding ceramics-making tools with the word "Xiem." Plaintiff also requests defendants be enjoined from operating a website, xiemtoolsusa.com (the infringing website), on which they sell ceramics-making tools branded with the plaintiff's exact logo (the inventory Nguyen converted) or their own similar logo that incorporates the word "Xiem." Additionally, plaintiff requests defendants be enjoined from engaging in unfair competition with plaintiff by manufacturing, distributing, selling, or offering for sale any ceramics-making tool in a manner that is likely to cause confusion, mistake, or deception in the marketplace.

Plaintiff also requests damages to compensate it for defendants' infringing activities and unfair competition, as well as reasonable attorneys' fees and costs. Because defendants' continued infringement is purportedly willful, wanton, and deliberate, plaintiff requests that damages be trebled, pursuant to 15 U.S.C. § 1117. Plaintiff also seeks to recover the value of the funds and assets Nguyen converted. Finally, plaintiff requests a declaration that Nguyen has effectively withdrawn as a member of plaintiff because he breached his fiduciary duties.

### i. Permanent Injunction

"It is well-established that a party is entitled to equitable relief only if there is no adequate remedy at law." *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 967–68 (8th Cir. 2005) (citing *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992)). But "by enacting the Lanham Act, Congress apparently intended to encourage competitors to seek injunctions as a method of combating false advertising, and, in such cases that ultimately prove to have merit, injunctive relief is not to be issued reluctantly." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1178–79 (8th Cir. 1998) (citing *Black Hills Jewelry Mfg. Co. v. Gold Rush, Inc.*, 633 F.2d 746, 753 n.7 (8th Cir. 1980)). "It is generally said that once infringement of a trademark is shown, the owner of the mark is entitled to injunctive relief. Indeed, when the infringement is clear and deliberate, such relief is denied only in the most unusual of cases." *U.S. Jaycees v. Cedar Rapids Jaycees*, 794 F.2d 379, 382 (8th Cir. 1986).

"To determine whether permanent injunctive relief is warranted, [courts] balance three factors: (1) the threat of irreparable harm to the moving party; (2) the balance of harm between this harm and the harm suffered by the nonmoving party if the injunction is granted; and (3) the public interest." *Taylor Corp.*, 403 F.3d at 967.

The threat of irreparable harm to plaintiff is conclusively established in this case because a trademark holder "certainly has the right to control the use of its [trademarked] materials, and irreparable harm inescapably flows from the denial of that right." *Id.* Moreover, plaintiff would suffer irreparable harm without a permanent injunction against defendants' infringing activity because "in trademark

law, injury is presumed once a likelihood of confusion has been established." *Cmty. of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church*, 634 F.3d 1005, 1012 (8th Cir. 2011) (citing *Mut. of Omaha Ins. Co. v. Novak*, 836 F.2d 397, 403 n.11 (8th Cir. 1987), and 15 U.S.C. § 1116(a), which authorizes injunctions for violations of 15 U.S.C. § 1125).

Defendants will not be harmed significantly by an injunction because they retain many other methods of advertising their wares. And balanced against the harm that plaintiff will suffer if defendants continue to infringe on plaintiff's intellectual property, it is apparent that the Court should favor plaintiff's property rights over defendants' ability to market products using infringing marks. *Novak*, 836 F.2d at 402. Finally, protecting property rights, including plaintiff's trademark, is obviously in the public interest. *See Anheuser-Busch, Inc. v. Balducci Publications*, 28 F.3d 769, 776 (8th Cir. 1994).

Therefore, an injunction is warranted, and the Court will issue a permanent injunction against both defendants that prevents them from infringing on the plaintiff's trademark or engaging in unfair competition with plaintiff that is likely to cause confusion in the marketplace.

### ii. Damages

"Although injunctive relief is often the preferred remedy in resolving trademark disputes, it is not the exclusive remedy." *Masters v. UHS of Del., Inc.*, 631 F.3d 464, 471 (8th Cir. 2011). "'[A]ll Lanham Act remedies are equitable in nature,'" and "the Lanham Act contemplates that a disgorgement or accounting of profits may be appropriate to remedy unfair infringement." *Id.* (quoting *Minn. Pet Breeders, Inc. v. Schell & Kampeter, Inc.*, 41 F.3d 1242, 1247 (8th Cir. 1994), and

6

citing 15 U.S.C. § 1117(a)). "If the court grants an injunction limiting use of the infringing mark because plaintiff has shown likelihood of confusion in defendant's trade area, the court may then consider whether the equities require additional monetary relief for willful infringement." *Minn. Pet Breeders*, 41 F.3d at 1247.

The Eighth Circuit has "assume[d], without deciding, that willful infringement is a prerequisite of monetary relief" for trademark infringement, pursuant to 15 U.S.C. § 1117(a). *Masters*, 631 F.3d at 472 n.2. Willful infringement may be shown by evidence that raises a reasonable inference that the defendant knowingly infringed the mark in question. *Id.* at 471–72. But proof of actual confusion is not required to obtain monetary relief. *Id.* at 472.

Where a defendant willfully infringes on a plaintiff's registered trademark, *see* 15 U.S.C. § 1114(1), or unregistered trademark, *see* 15 U.S.C. § 1125(a), the plaintiff is entitled, "subject to the principles of equity," to recover "(1) [the] defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). To determine the defendant's profits, the plaintiff is "required to prove [the] defendant's sales only." *Id.* Moreover, "'an accounting of profits may be [justified] based upon 1) unjust enrichment, 2) damages, or 3) deterrence of a willful infringer.'" *Masters*, 631 F.3d at 472 (quoting *Minn. Pet Breeders*, 41 F.3d at 1247). The Court may also assess damages at "any sum above the amount found as actual damages, not exceeding three times such amount," *i.e.*, treble damages. 15 U.S.C. § 1117(a).

In the instant case, taking as true all facts alleged in the complaint, defendants willfully infringed on plaintiff's trademark. Nguyen usurped plaintiff's entire inventory, branded with the trademark. Nguyen then set up the infringing

7

website, appropriating all of plaintiff's customers. Nguyen and XT then sold or offered for sale plaintiff's inventory, still branded with the trademark, on the infringing website. That is the very definition of willful infringement.

Additionally, defendants sold or offered for sale other ceramic-making tools branded with "Xiem Tools USA" on the infringing website. Nguyen was indisputably aware of the trademark because he supervised plaintiff's business. And because Nguyen created XT, both defendants were aware that they could not sell ceramics-making tools branded with "Xiem" because it would infringe the trademark. Yet they chose to do so when they created the line of "Xiem Tools USA" products and sold them or offered them for sale. That is another instance of willful infringement. Therefore, in addition to injunctive relief, monetary relief is appropriate in this case.

Plaintiff has not provided evidence of defendants' profits from the infringing activity. And it has sought to conclude this litigation by filing a motion for default judgment rather than requesting an accounting of defendants' unquantified profits. Consequently the Court cannot award plaintiff monetary relief based on the measure of defendants' profits.

On the other hand, plaintiff has provided concrete evidence of some, but not all, of its damages. Plaintiff has proven damages in the amount of $170,671.00, the value of the inventory taken by Nguyen, which defendants have sold or offered for sale to the public on the infringing website. Therefore, plaintiff is entitled to recover from defendants at least $170,671.00 in damages.

Treble damages are appropriate in this case. Accepting as true all facts in plaintiff's complaint, it was no accident that defendants pilfered plaintiff's finished and work-in-progress inventory bearing the trademark, hijacked plaintiff's website,

established the infringing website, designed new ceramics tools bearing the name "Xiem," and then sold plaintiff's tools bearing the trademark and defendants' infringing "Xiem" tools on the infringing website. Because defendants' infringement was willful, even brazen, and because the precise amount of damages is unknown, treble damages are warranted. *See* 15 U.S.C. § 1117(a). The Court will treble the damages award of $170,671.00. Judgment will be entered for plaintiff in the amount of $512,013.00, representing damages on plaintiff's infringement claims.

### iii. Costs and Attorneys' Fees

Plaintiff requests costs of $699.61 it incurred to file this suit and to serve defendants. Pursuant to 15 U.S.C. § 1117(a), plaintiff is entitled to recover those costs in full. The Court will order defendants to pay $699.61 to plaintiff for costs.

Plaintiff also requests an award of attorneys' fees in the amount of $26,166.05 for its expenses preparing and filing the complaint and the motion for default judgment. "The Lanham Act authorizes that a court 'in exceptional cases may award reasonable attorney fees to the prevailing party.'" *First Nat'l Bank Sioux Falls v. First Nat'l Bank S. Dakota*, 679 F.3d 763, 771 (8th Cir. 2012) (quoting 15 U.S.C. § 1117(a)). If "a defendant's unlawful conduct 'was willful and deliberate, the court may well determine that this is the type of "exceptional" case for which an award of attorney's fees is appropriate.'" *Cmty. Christ Copyright Corp.*, 634 F.3d at 1013 (quoting *Metric & Multistandard Components Corp. v. Metric's Inc.*, 635 F.2d 710, 716 (8th Cir. 1980)). As the Court has explained, the infringement in this case was willful and deliberate. This is an exceptional case where an award of attorneys' fees is appropriate.

The general starting point for calculating reasonable attorneys' fees is the "lodestar," which is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended on the case. *See Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002). A court is not required to reach a lodestar determination, however, and may attempt to identify specific hours that should be eliminated or simply reduce the award within its discretion. *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983). In calculating the lodestar, a reasonable hourly rate "is usually the ordinary rate for similar work in the community where the case has been litigated." *Fish*, 295 F.3d at 851. Because the hourly billable rates for the partners and associates that worked on this matter are only slightly higher than usual for the area and not challenged here, the Court will accept their hourly rates as reasonable. *See, e.g.*, *Texas Life Ins. Co. v. Packman*, No. 4:13-CV-2019-JAR, 2014 WL 1400182, at *2 (E.D. Mo. Apr. 10, 2014) (findings rates of $350 and $400 per hour for a partner in the St. Louis metropolitan region to be acceptable); *Transamerica Life Ins. Co., Inc. v. Lambert*, No. 4:12-CV-1253-CAS, 2013 WL 328792, at *3 (E.D. Mo. Jan. 29, 2013) (adopting rates of $300 to $350 an hour per partner and $215 an hour for associates in the St. Louis region).

The billing records submitted by plaintiff's counsel are sufficiently detailed to allow the Court to conduct a meaningful review. The Court finds reasonable the number of hours claimed for preparing the complaint and accompanying documents, arranging for service of process on the defendants in California, preparing and filing the motions for default and for default judgment. The Court also finds that the hourly rates charged by the attorneys are reasonable.

Therefore, plaintiff will be awarded $26,166.05 in attorneys' fees and $699.61 in costs, for a total of $26,865.66.

### iv. Conversion

Nguyen converted assets that belonged to plaintiff, including a 2005 Honda Element, an Apple laptop computer, a high-end office chair, an industrial printer and cutter, with equipment, and other furniture. Because of depreciation, plaintiff seeks to recover the present book value of those assets. Only the car, the industrial printer and cutter, and its accompanying equipment have remaining book value, which is $6,752.00 according to plaintiff's financial records. Plaintiff is entitled to recover that amount from Nguyen.

As both an officer and employee of plaintiff, Nguyen was given custody of plaintiff's funds for the specific purpose of carrying on plaintiff's business. Instead, Nguyen diverted at least some of those funds to a different purpose, enriching himself or XT. Plaintiff has proven the elements of a conversion claim as to the funds Nguyen misappropriated. *See Mackey*, 244 S.W.3d at 264; *Gadberry*, 191 S.W.3d at 675–76. Nguyen took $2,000.00 from plaintiff's safe on June 16, 2014, money he has not returned. The Court will order Nguyen to repay plaintiff that amount. Therefore, plaintiff's total conversion recovery from Nguyen is $8,752.00.

### v. Nguyen's Membership

Plaintiff requests a declaration that Nguyen is no longer a member of plaintiff, which would remove him from his post as an officer and shareholder, and terminate his employment. A common equitable remedy where a fiduciary has breached his relationship with another is to remove the fiduciary. *See, e.g.*, *Mertens v. Hewitt Assoc.*, 508 U.S. 248, 252 (1993). "Because of the fiduciary

relationship, fiduciary principles modify any contract between the parties." *Zakibe v. Ahrens & McCarron, Inc.*, 28 S.W.3d 373, 385 (Mo. Ct. App. 2000). For example, Missouri courts have held that "the rule for equitable relief for breach of fiduciary duty" is that "if a corporate officer or director violates a fiduciary duty to the corporation and derives a personal, unconscionable and secret profit, that officer may be held to be a trustee of those profits for the benefit of the corporation and may be compelled to restore those profits to it." *Id.* at 385 (citing *Ramacciotti v. Joe Simpkins, Inc.*, 427 S.W.2d 425 (Mo. 1968) (en banc)). By the same token, and "[r]egardless of contract terms, a corporate officer forfeits all rights to compensation . . . if that officer breaches his or her fiduciary duty to the corporation." *Id.* at 386. Accordingly, in the instant case it is appropriate for the Court to remove Nguyen as a member, officer, shareholder, and employee of plaintiff because he breached his fiduciary duties.

\* \* \* \* \*

**IT IS HEREBY ORDERED** that Xiem Studio, LLC's motion for default judgment [Doc. #19] is **granted**.

A separate judgment will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2015.